indication that the administrative judge failed to consider the evidence on either point. That evidence was simply not relevant to Mr. Villarreal's entitlement to LEO credit. The governing regulation requires that in order for an administrative position to qualify for secondary LEO credit the position must require prior law enforcement experience. Therefore, it does not matter if the position is administrative in nature or supports some law enforcement functions; the fact that it does not require prior law enforcement experience is a sufficient basis for ruling that it does not meet the regulatory requirements. We therefore reject Mr. Villarreal's contention that the administrative judge's decision was unsupported by substantial evidence.

for reconsideration of the court's order dismissing its appeal 04–1033 for failure to pay the filing fee, the filing fee now having been paid. Columbia files a "supplemental submission" in support and moves for an extension of time, until January 20, 2004, to file its opening brief.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion for reconsideration is granted. The mandate is recalled, the dismissal order is vacated, and the appeal is reinstated.

(2) The motion for an extension of time is granted.

(3) The revised official caption is reflected above.

**THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Plaintiff–Cross Appellant,**

v.

**ROCHE DIAGNOSTICS GMBH (formerly known as Boehringer Mannheim GmbH), Defendant–Appellant.**

No. 03–1637, 04–1033.

United States Court of Appeals, Federal Circuit.

Jan. 13, 2004.

LINN, Circuit Judge.

*ORDER*

The Trustees of Columbia University in the City of New York (Columbia) moves

**SCHERING CORPORATION, Plaintiff–Appellant,**

v.

**PERRIGO COMPANY and L. Perrigo Company, Defendants–Appellees.**

No. 04–1104, 04–1105.

United States Court of Appeals, Federal Circuit.

Jan. 13, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.